YELVERTON, Judge.
This case arises out of a trial court judgment granting an Article 102 divorce. It presents a question of procedure. The procedural maneuverings were an admitted effort by the receiving spouse to extend the time for receiving alimony pendente lite.
On March 18, 1991, Saundra Daigle filed a petition for divorce on the basis that she and her husband Gerald Daigle had physically separated and she desired a divorce under the provisions of La.C.C. art. 102. This article reads:
A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously since the filing of the petition.
Gerald filed a motion for divorce on February 7,1992. The motion, in the form of a rule to show cause, was set for hearing on March 4, 1992. Before the hearing, Saundra attempted to amend her petition, to remove the Article 102 allegations, and substitute an allegation that she be granted a divorce based on the provisions of La.C.C. art. 103(1), living separate and apart for more than six months.
At the hearing on March 4,1992, the trial court refused to allow the amendment, finding it would be unfair to allow it after a rule for divorce had been filed. The divorce rule then went forward, and a judgment granting Gerald a divorce was rendered and signed.
It is from this judgment that Saundra has appealed claiming that she had a right to amend because no answer was filed in the case.

LAW

La.C.C.P. art. 1151 allows a plaintiff to amend his or her petition without leave of court at any time before the answer is served. Otherwise, the petition may be amended only by leave of court or by written consent of the adverse party.
Saundra claims that she had an unfettered right to amend. If her amendment had been allowed, it would have defeated Gerald’s motion for divorce, because there would have been no petition for divorce on which his motion for divorce could be grafted.
No answer was filed in this case. However, no answer need be made to a petition filed under this Article. See the article’s revision comment- (c) and the procedural rules found in La.C.C.P. arts. 3951-3957 for a divorce under Article 102. However, issue was joined when the rule for divorce was filed. This had the same effect as an answer.
*647 Normally, following the filing of a petition, issue is joined either by the filing of an answer or by the taking of a preliminary default. Gossett v. Nealy, 230 So.2d 671 (La.App. 3d Cir.1970). La.C.C. art. 102 and C.C.P. arts. 3951-3957, make it clear that issue is joined in an Article 102 case by a rule to show cause filed by either spouse.
Under the law as it existed before the adoption of the Louisiana Code of Civil Procedure, the discretion of the judge to allow or disallow an amendment to a petition arose after issue was joined. Breaux v. Laird, 230 La. 221, 88 So.2d 33 (La.1956). La.C.C.P. art. 1151 slightly changed’ the law to provide that leave of court for an amendment was required after answer is filed.
It is clear from the language of Article 102 and its procedural rules that after a petition for a divorce is filed, issue is joined by the filing of a motion (rule to show cause) for a divorce by either party. The moving party is thereby put to his proof and the non-moving party can raise all available defenses at the hearing on the rule. The motion thus accomplishes exactly the same thing as an answer, and triggers the trial judge’s discretion as to whether to allow an amendment. The judge had discretion, which he properly exercised.
The judgment is affirmed. Costs will be paid by Saundra Daigle.
AFFIRMED.