938 So.2d 199 (2006)
SINCLAIR PROPERTIES, L.L.C. and Manogarie Padayachee, Tastett
v.
America and Alex LEYTON.
No. 2005 CA 1703.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
Vincent F. Wynne, Jr., Covington, Counsel for Plaintiffs/Appellees Sinclair Properties, Inc. and Cayman and Callan Sinclair.
Marti Tessier, Mandeville, Counsel for Defendants/Appellants Alejandro and America Leyton.
George L. Gibbs, Metairie, Counsel for Third Party Defendant/Appellee Winters Title Agency, Inc.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
*200 DOWNING, J.
On July 24, 2002, Alejandro[1] and America Leyton entered into an agreement with Sinclair Properties, L.L.C. (Sinclair) entitled "LEASE WITH OPTION TO PURCHASE" (the agreement). The Leytons allegedly failed to make the payments required under the agreement, and Sinclair commenced eviction proceedings against the Leytons in the Fourth Ward Court in St. Tammany Parish.[2] The justice of the peace eventually transferred the matter to the 22nd Judicial District Court after the Leytons filed a compulsory reconventional demand that exceeded the ward court's jurisdiction.
Although various pleadings were filed in the district court, the only pleading presently of concern to this court is the second supplemental and amending petition filed by Sinclair on February 3, 2005. In addition to requesting that its name be changed in the suit,[3] Sinclair sought a declaratory *201 judgment determining the nature of the contract between the parties. The petition also improperly requested that the issue of the declaratory judgment be set for contradictory hearing. The district court granted Sinclair permission to file this amended petition on February 9, 2005, and scheduled the contradictory hearing on the declaratory judgment issue for February 28, 2005.[4]
On that date, the district court conducted the hearing, at which counsel for the defendants did not appear. In addition, the Leytons had not filed any response to the petition prior to the hearing. The district court allowed Sinclair to introduce testimony and a portion of the contract into the record.[5] The court then rendered judgment in favor of Sinclair, finding that the agreement was a lease with an option to purchase. The court declined to sign the judgment at that time, because there was no return in the record indicating that the defendants had been served. However, on March 15, 2005, the district court signed a judgment in accordance with its ruling at the hearing on February 28, 2005, after apparently determining that the defendants had been properly served. It is from this judgment that the Leytons have appealed.[6]
On appeal, the Leytons primarily challenge the trial court's classification of the agreement as a lease with an option to purchase, contending that the agreement should be designated as a bond for deed contract. We do not reach this issue, however. As a preliminary matter, we note that issue is not joined between a plaintiff and a defendant until the defendant files an answer to the plaintiff's petition, or until the plaintiff obtains a valid preliminary default against the defendant. No valid judgment may be rendered against a party with whom issue has not been joined by way of answer, default, or waiver. Malbrough v. Wheat, 428 So.2d 1110, 1112 (La.App. 1 Cir.1983).
The record in this case indicates that issue was never joined between the Leytons and Sinclair with regard to the allegations of the second amending petition, because the Leytons had not filed any response to Sinclair's second amending petition prior to the hearing on the declaratory judgment issue. Furthermore, there is no evidence in the record that a valid preliminary default had been obtained against the Leytons prior to the hearing at which the judgment was rendered. These facts are error patent on the face of the record. Therefore, the judgment of the trial court is clearly wrong. Malbrough, 428 So.2d at 1112-1113. We hereby vacate the judgment of the district court and remand the matter for further proceedings consistent with this opinion. All costs of this appeal are assessed to Sinclair Properties, Inc.[7]
VACATED AND REMANDED.
NOTES
[1] Alejandro Leyton's name is spelled various ways throughout the record. We have chosen to use the name as it is spelled in the contract and in the judgment appealed from.
[2] Another plaintiff, Manogarie Padayachee-Tastet, joined in this petition. In addition, Cayman and Callan Sinclair were ultimately added as parties to the matter. These parties are not involved in the issue presently before this court.
[3] Sinclair originally filed suit in the name of Sinclair Properties, L.L.C. In this petition, it sought to correct its name to Sinclair Properties, Inc.
[4] We note that a suit for declaratory judgment is an ordinary, not a summary proceeding. Accordingly, the procedures for a trial in an ordinary proceeding apply. Bergen Brunswig Drug Co. v. Poulin, 93-1945, p. 5 (La.App. 1 Cir. 6/24/94), 639 So.2d 453, 456. Therefore, the trial court erred in disposing of the matter as a summary proceeding.
[5] The record indicates that the complete contract was not entered into the record at the hearing.
[6] The Leytons initially requested supervisory writs; however, this court determined that the trial court's judgment was a final, appealable judgment. This court then remanded the matter to the trial court with instructions to grant the Leytons an appeal. Sinclair Properties v. Leyton, XXXX-XXXX (La.App. 1 Cir. 5/6/05) (unpublished).
[7] This memorandum opinion is issued in compliance with Uniform Rules-Courts of Appeal Rule 2-16.1.B.