# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-0997

**ROBERT KEVIN MCCARTNEY, ET AL.**

**VERSUS**

**GEORGE MCCORMICK, ET AL.**

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 225,011
HONORABLE F. RAE SWENT, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Ulysses G. Thibodeaux, Chief Judge, Sylvia R. Cooks and Jimmie C. Peters, Judges.

**AFFIRMED IN PART, REVERSED IN PART, RENDERED IN PART, AND REMANDED.**

**Robert Kevin McCartney**
**DWCC H3A, 8-670 Bell Hill Road**
**Homer, LA 70712**
**PRO SE FOR PLAINTIFFS/APPELLANTS:**
    **Robert Kevin McCartney**
    **Aubrey McCartney**
    **Elaine McCartney**

**NO COUNSEL ENROLLED FOR DEFENDANTS**

PETERS, J.

The plaintiffs in this matter, Robert Kevin McCartney, Aubrey McCartney, and Elaine McCartney,[1] appeal the trial court's dismissal of their suit against a number of defendants. For the following reasons, we affirm in part, reverse in part, render in part, and remand to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

This litigation arises from Robert Kevin McCartney's September 28, 1995 conviction of first degree murder in the death of Dale DeSelle, a violation of La.R.S. 14:30.[2] On July 14, 2006, the plaintiffs filed the instant suit seeking to have that conviction declared a nullity and seeking to recover monetary damages for alleged constitutional rights violations. The original petition named as defendants Detective Clyde Terral of the Rapides Parish Sheriff's Department; Officer Michael Villard of the Rapides Parish Sheriff's Department; Rapides Parish Sheriff William Earl Hilton; Ninth Judicial District Assistant District Attorneys Clifford Strider, III and James Buck; Ninth Judicial District Attorney Charles Wagner; and Dr. George McCormick.

---

[1] Robert Kevin McCartney, Aubrey McCartney, and Elaine McCartney all signed the original petition in proper person. Additionally, in all subsequent pleadings wherein all three plaintiffs are mentioned in the pleading preamble, all three signed the pleading. However, there exist a number of pleadings in the record wherein only Robert Kevin McCartney's name appears in the pleading preamble. In those pleadings, only Robert Kevin McCartney has signed that particular pleading. Additionally, the relationship between the three named plaintiffs is not made clear from their petition. In fact, the petition makes reference to "Robert Kevin McCartney's minor children" as other plaintiffs. Thus, when the pleadings make reference to all three named plaintiffs, we will refer to them and all other plaintiffs, named or unnamed, as "the plaintiffs." Pleadings filed by Robert Kevin McCartney will be differentiated from the other pleadings.

[2] On September 28, 1995, following a bench trial, Robert Kevin McCartney was convicted of first degree murder. He was sentenced to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. His conviction was affirmed by this court in *State v. McCartney*, 96-58 (La.App. 3 Cir. 10/9/96), 684 So.2d 416, *writ denied,* 97-508 (La. 9/5/97), 700 So.2d 503, *cert. denied*, 522 U.S. 1002, 118 S.Ct. 573 (1997). Accordingly, the judgment of his conviction and sentences is final. La.Code Crim.P. art. 922. Robert Kevin McCartney is presently incarcerated at the David Wade Correction Center.

The plaintiffs' basic complaint in their original petition was that Dr. McCormick testified falsely concerning his involvement in the autopsy of Mr. DeSelle's body and in the preparation of the coroner's report. Specifically, the plaintiffs asserted that during Robert Kevin McCartney's trial, Dr. McCormick and James Buck "committed Fraud, Ill-Practice, Misrepresentation, Non-feasance, and Malfeasance in Office, when they deceived the jury into a belief that McCormick had performed the autopsy, examined the body, and prepared the autopsy report and death certificate, when he had not done any of the above."

On July 27, 2006, the trial court signed an ex parte order that the suit "be re-allotted to the proper criminal division of the Ninth Judicial District Court" and that "any civil claims raised by the petitioners are reserved until after a determination of the criminal matters."[3] On October 30, 2006, the plaintiffs filed a motion seeking to have the July 26, 2007 order stricken and to be granted a judgment on the pleadings. For reasons not made clear from the record before us, the trial court did not respond to this filing until January 11, 2007. On that date, the trial court hand-wrote across the face of the motion "Denied. No hearing will be set unless or until all defendants have been served with the petition. No service has been requested or made." On February 2, 2007, Robert Kevin McCartney filed a written motion for service of both the petition and the initial request for subpoenas.[4] On that same day, the trial court ordered that service of both the petition and the subpoenas be effected.

---

[3]In their brief on appeal, the plaintiffs assert that Robert Kevin McCartney's motion for post-conviction relief is still pending in the criminal division of the Ninth Judicial District Court.

[4]The plaintiffs had filed six subpoenas duces tecum with their initial petition, seeking to obtain various documents from the Caddo Parish District Attorney, the Caddo Parish Clerk of Court, the Caddo Parish Coroner, the Rapides Parish Sheriff, the Ninth Judicial District Clerk of Court, and the Caddo Parish Deputy Coroner.

On February 22, 2007, Robert Kevin McCartney filed a motion seeking to have all evidence in cases involving Dr. McCormick preserved. By a hand-written notation across the face of the pleading, the trial court denied the motion, noting that it did so "for failure to meet C.Cr.P. 718."

In his next pleading, filed March 7, 2007, Robert Kevin McCartney sought an order addressed to the Office of District Attorney of the Ninth Judicial District and the Rapides Parish Sheriff's Office for the production of all evidence in their custody which related to the autopsy of Dale Paul DeSelle; an order addressed to the Rapides Parish Clerk of Court's Office for the production of a transcript of the trial testimony of Dr. McCormick in his trial; and an order addressed to Dr. McCormick's office for the production of all documents or statements which might relate to misconduct on the part of Dr. McCormick in other cases, as well as all notes and documents relating to the autopsy of Dale Paul DeSelle. All of the plaintiffs then filed an additional motion on April 11, 2007, seeking an order compelling the defendants to respond to their petition and summonses and to have their case set for trial.

The trial court rejected both the March 7 and April 11 motions on June 20, 2007, by writing "denied" across the front of the orders provided. On that same day, the trial court entered an order dismissing the plaintiffs' suit. The order reads in pertinent part as follows:

> Considering the foregoing Petition for Nullification and Civil Rights Complaint with Jury Demand, Motion for Production of Documents Relevant and Material to Guilt or Punishment in Pro-se, and Motion to Compel Answer with Request to Set Matter for Trial, herein;
>
> IT IS ORDERED, ADJUDGED, AND DECREED that the Defendant [sic, Plaintiffs] fails to state a Cause of Action and fails to state a claim upon which relief can be granted as to nullification of the judgment. This court believes that Defendant's nullification request is

3

actually an attempt to seek a Post Conviction Relief hearing, which should be brought before the Criminal Court.

IT IS ORDERED, ADJUDGED, AND DECREED that the Defendant [sic, Plaintiffs] fails to state a Cause of Action against all Defendants with the exception of the Estate of Dr. McCormick.

IT IS ORDERED, ADJUDGED, AND DECREED that the Defendants [sic, Plaintiffs'] Petition as to the Estate of Dr. McCormick is dismissed with out [sic] prejudice as this court does not have jurisdiction of the Estate of Dr. McCormick. Dr. McCormick resided and died in Caddo Parish. The proper jurisdiction for an action against the Estate of Dr. McCormick is the 1st Judicial District Court for Caddo Parish, Louisiana.

This judgment constitutes the basis of the plaintiffs' appeal.

In their appeal, the plaintiffs assert the following assignments of error:

1) Whether the district court has excepted to plaintiff's right and cause of action on the basis of Robert McCartney's felony Conviction for second degree murder of September 30, 1995?

2) Whether the district court refused ALL PLAINTIFFS a review by erroneously believing the Petition for Nullification is actually Robert McCartney attempting to seek post conviction relief when all parties could not seek relief by post conviction?

3) Whether the known use of false testimony and evidence, violation of Due Process, a Public Trust, Oath of Office, Malfeasance and non-feasance of office, obstruction of justice, filing false public record, injuring public records, clear violation of procedural and Constitutional law, etc., state a Cause of Action?

4) Whether a cause of action is determined where one resided and died or where the crime and violation took place - filing of false public record, injuring public record, committed perjury, obstructed justice, etc.?

5) Whether third parties have grounds to seek redress by Complaint and Petition for Nullification where public trust is violated, oath of office is violated, fraud and ill practice is used, etc., depriving them their loved one in violation of both procedural and Constitutional law?

6) Whether a suit can be dismissed by "DEFENDANT'S FAILURE" to show Cause of Action rather than plaintiff's failure?

4

7)    Whether defendants are entitled to immunity where they did construct and execute a scheme to deprive plaintiffs' their Constitutional and Procedural Rights with Fraud, ill-practices, perjury, false records, etc.; thereby, depriving Due Process and Equal Protection of the law?

8)  Whether there is a defense of immunity or prescription?

After the appeal was lodged in this court, Robert Kevin McCartney filed a motion to supplement the record before us with all of the material the plaintiffs had sought, but had not acquired, during the trial proceedings.

**OPINION**

Although eight in number, the issues raised by the assignments of error overlap to the extent that many can be considered together. Additionally, we reject the motion to supplement the appellate record as the evidence requested was never presented to the trial court. The court of appeal may not consider evidence not introduced at trial, and can only "render any judgment which is just, legal, and proper upon the *record on appeal*." La.Code Civ.P. art. 2164 (emphasis added). Additionally, the primary issues before us relate to the grant of an exception of no cause of action, for which no evidence may be introduced. La.Code Civ.P. art. 931.

### *Exception of No Cause of Action*

With regard to consideration of an exception of no cause of action, the supreme court has stated the following:

> The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court . . . should conduct a *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears

5

beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.

*Indus. Co. v. Durbin*, 02-665, pp. 6-7 (La. 1/28/03), 837 So.2d 1207, 1213 (citations omitted).

The trial court may supply a peremptory exception of no cause of action on its own motion. La.Code Civ.P. art. 927(B). However, this case is before us in a most unusual posture. The trial court dismissed the plaintiffs' suit on a peremptory exception of no cause of action, but it did so on its own motion, before issue was joined by any defendant,[5] and before any defendant filed any pleadings.[6] In fact, despite the existence of the February 7, 2007 order that service be perfected on the defendants, the record contains no evidence that any defendant has ever been served. Still, we find nothing in La.Code Civ.P. art. 927(B) that prohibits the trial court from noticing the exception on its own motion prior to issue being joined or pleadings being filed.

Finding that the trial court could notice the exception of no cause of action at this early stage of the proceedings, we also find no error in the trial court's dismissal of the plaintiffs' claims for monetary damages against Clyde Terral; Michael Villard; William Earl Hilton; Clifford Strider, III; and Charles Wagner. All of the plaintiffs' claims are predicated on the invalidity of the testimony of Dr. McCormick and,

---

[5]The general rule is that issue is joined either by the filing of an answer or by the taking of a preliminary default. *Daigle v. Daigle*, 619 So.2d 645 (La.App. 3 Cir. 1993); *Sinclair Prop., L.L.C. v. Leyton*, 05-1703 (La.App. 1 Cir. 6/9/06), 938 So.2d 199. "[W]hen a defendant files only an exception and does not file an answer, issue is not joined." *Short v. Griffin*, 94-1757, p.3 (La.App. 4 Cir. 11/17/94), 648 So.2d 937, 938, *writ denied*, 95-684 (La. 6/16/95), 656 So.2d 1008.

[6]Pleadings consist of petitions, exceptions, written motions, and answers. La.Code Civ.P. art. 852.

assuming for purposes of argument that Dr. McCormick's report was fabricated and that his trial testimony was false, the petition sets forth no facts or even allegations that would suggest any of these five defendants knowingly participated in the presentation of that fabricated and/or false evidence, either during the criminal investigation, the presentation to a grand jury, or the presentation at trial. Therefore, we affirm that portion of the judgment dismissing these defendants.

We do find, however, that the trial court erred in dismissing the suit against James Buck. As reflected in the June 20, 2007 judgment, the trial court concluded that the plaintiffs did state a cause of action against Dr. McCormick, but that for other reasons, it could not hear that cause of action. As previously stated, the plaintiffs asserted in their pleadings that James Buck participated in effecting Dr. McCormick's testimony. Thus, the pleadings do state a cause of action against James Buck.

We also find that the trial court erred in dismissing the other defendants from the litigation with prejudice and without allowing the plaintiffs the opportunity to amend their petition to state a cause of action. Louisiana Code of Civil Procedure Article 934 provides in pertinent part that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception *shall* order such amendment within the delay allowed by the court." (Emphasis added.) While the plaintiffs may not be able to amend their petition to state causes of action against the dismissed defendants, La.Code Civ.P. art. 934 mandates that they be allowed the opportunity to try.

The dismissal of the plaintiffs' request to have Robert Kevin McCartney's conviction declared a nullity presents a different problem. In its order of July 27, 2006, the trial court recognized that this request for relief belonged in the criminal

7

division of the Ninth Judicial District Court, not in its civil division. The trial court maintained this order by rejecting the plaintiffs' October 30, 2006 motion to strike the allotment of this portion of their demands to the criminal division. Thus, the trial court's attempt to dismiss the nullification request cannot stand as to Robert Kevin McCartney because that issue was not properly before it. However, the remaining plaintiffs have no standing in criminal court and, therefore, remain in civil court on this issue. That being the case, we find no error in the trial court's dismissal of their nullification claims by granting the exception of no cause of action. Additionally, they are not entitled to an opportunity to amend because the grounds for the exception cannot be removed by amendment of the petition. La.Code Civ.P. art. 934.

### *Exception of Lack of Personal Jurisdiction*

In its order of June 20, 2007, the trial court dismissed the plaintiffs' claims related to Dr. McCormick's actions without prejudice. In doing so, the trial court stated in its order that "this court does not have jurisdiction of the Estate of Dr. McCormick. Dr. McCormick resided and died in Caddo Parish. The proper jurisdiction for an action against the Estate of Dr. McCormick is the 1st Judicial District Court for Caddo Parish, Louisiana."

The record does not establish the facts asserted by the trial court in its order. While the caption of the plaintiffs' initial pleading refers to Dr. McCormick as "George McCormick, the Estate of George McCormick, Post Humously [sic]," nothing in the record establishes that Dr. McCormick is deceased or that he resided and died in Caddo Parish. Additionally, the trial court seems to be conflating jurisdiction with venue. Certainly, the trial court has the legal power and authority to hear the instant action, to determine the legal relationships of the parties, and to

8

grant the appropriate relief. La.Code Civ.P. art. 1. While La.Code Civ.P. art. 81 provides that venue for a personal action against a succession is "the court in which the succession proceeding is pending," there exists no evidence that any succession proceeding is pending in relation to Dr. McCormick. Venue is not one of those exceptions that may be provided by the trial court. La.Code Civ.P. art. 927(B). Additionally, venue is waived if not timely pleaded. La.Code Civ.P. art. 925(C).

Based strictly on the record before us and the trial court's order, we find that the trial court erred in dismissing the plaintiffs' claims against Dr. McCormick.

## DISPOSITION

We affirm the trial court's dismissal of the plaintiffs' claims against Clyde Terral, Michael Villard, William Earl Hilton, Clifford Strider, III, and Charles Wagner, but reverse that part of the judgment dismissing the claims with prejudice. We grant the plaintiffs fifteen days from the rendition of this judgment in which to amend their petition to state a cause of action against these defendants. Failure to do so shall cause their claims to be dismissed pursuant to La.Code Civ.P. art. 934. We reverse the trial court's dismissal of the plaintiffs' claims against James Buck. We affirm the trial court's dismissal of the request by all plaintiffs except Robert Kevin McCartney to have his conviction declared a nullity, but reverse that portion of the trial court's dismissal as it relates to Robert Kevin McCartney's request, finding that the claim is currently lodged in the criminal division of the Ninth Judicial District Court and not the civil division. We reverse the trial court's grant of the exception of lack of jurisdiction as to the plaintiffs' claims against Dr. George McCormick. We assess one-half of the costs to Robert Kevin McCartney, Aubrey McCartney, and Elaine McCartney. We remand this matter to the trial court for further proceedings

9

and leave assessment of the remainder of the appeal costs to the trial court, depending on the ultimate outcome of the litigation.

**AFFIRMED IN PART, REVERSED IN PART, RENDERED IN PART, AND REMANDED.**