NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-545

NATHAN ROSS PORTER, ET AL

VERSUS

RODERICK THIBODEAUX, ET AL

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 113495-J2
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Gary J. Ortego, Judges.

AFFIRMED.

**Shawn Cooper Thibodeaux**
**In Proper Person**
**2001 Franks Alley**
**Abbeville, LA 70510**
**(000) 000-0000**
**PLAINTIFF/APPELLANT**

**Nathan Ross Porter**
**In Proper Person**
**2001 Franks Alley**
**Abbeville, LA 70510**
**(337) 371-9989**
**PLAINTIFF/APPELLANT**

**Gabe A. Duhon**
**Attorney at Law**
**105 Tivoli Street**
**Abbeville, LA 70511-0478**
**(337) 893-3423**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Roderick Thibodeaux**
  **Eric Thibodeaux**

**Luke Thibodeaux**
**In Proper Person**
**10143 Glen Ridge Ave**
**Baton Rouge, LA 70809**
**(000) 000-0000**
**DEFENDANT/APPELLEE**

**PERRET, Judge.**

Plaintiffs/Appellants, Nathan Porter and Shawn Thibodeaux ("Plaintiffs"), appeal the trial court's grant of an exception of no cause of action filed by Defendants/Appellees, Roderick Thibodeaux and Eric Thibodeaux ("Defendants"), which dismissed their Petition for Preliminary Injunction. Plaintiffs also file a motion to hold Defendants in contempt of court. On appeal, we affirm the grant of the exception of no cause of action and deny Plaintiffs' motion for contempt.

**FACTUAL AND PROCEDURAL BACKGROUND:**

Nathan Porter and Shawn Thibodeaux, pro se Plaintiffs, filed a Petition for Preliminary Injunction on February 26, 2024, seeking an injunction and $23,000.00 in damages to property. No facts regarding why an injunction was necessary were set forth in the body of the petition, but the attached Order stated an injunction was needed "to stop defendants['] unreasonable actions/eviction." Named as Defendants were Roderick Thibodeaux and Eric Thibodeaux.[1] A hearing was set for April 8, 2024.

Defendants filed a Motion to Continue & Reset (Opposed) the April 8, 2024 hearing due to counsel's conflicting court schedule. The hearing was refixed for July 1, 2024, at 10:00 a.m.

On April 8, 2024, Plaintiffs filed a Motion/Order to Add 3 Defendants, which included Luke J. Thibodeaux, II, Brian O'Quain, and Michael Thibodeaux, alleged potential heirs to Roderick Thibodeaux and who may come into possession of the disputed property.

---

[1] Roderick Thibodeaux, now deceased, was Shawn Thibodeaux's ex father-in-law. Eric Thibodeaux is Shawn's ex-husband.

On June 4, 2024, Defendants Roderick Thibodeaux and Eric Thibodeaux filed a Peremptory Exception and Incorporated Memorandum in Support of the Exception of No Cause of Action. The exception asserts that Plaintiffs failed to set forth any facts to support a claim for injunctive relief and/or the damages alleged in their petition. Specifically, Plaintiffs failed to meet any criteria of Louisiana Code of Civil Procedure Article 891(A) regarding petitions. The exception hearing was set for July 1, 2024, the same day as the continued hearing for injunctive relief.

On June 24, 2024, Defendant Luke Thibodeaux filed a Peremptory Exception of No Cause of Action and No Right of Action. Regarding the no cause of action, Luke references the lack of facts presented in Plaintiffs' petition. Regarding the no right of action, Luke asserts that Nathan Porter has no interest in the property in question and is not a party to the lease agreement relative to the property. Luke's exceptions were set for hearing on August 12, 2024.

Plaintiffs did not appear at the hearing. The trial court asked whether a written lease was submitted in this case, to which the parties responded one had not been submitted. However, a copy of the agreement, an unwitnessed and unnotarized bond for deed, was submitted into evidence at the hearing upon the court's request. Without discussion or argument, after discovering that Nathan Porter was not a party to the bond for deed, the court stated it was granting the exception, as Porter is not a party to this case. Specifically, the court stated:

> THE COURT: Okay. Well, let the record reflect that it's 10:00 o'clock and he is not present and I am going to grant the exception that he is not a party to this case.
>
> MR. FUNDERBURK: Your Honor, I have prepared a judgment. . . .
>
> . . . .

MR. FUNDERBURK:    It's granting the exception of no cause, no right of action, whichever one it was we filed.

THE COURT:       . . . . And in regards to Luke - -

. . . .

THE COURT:       What are we going to do with your situation? How do you want to proceed?

MR. THIBODEAUX:    We are just looking to get the injunction dismissed so we can move to get Ms. Thibodeaux out of the residence where she hasn't paid rent - -

THE COURT:       And y'all agree with that as well?

MR. FUNDERBURK:    Yes.

. . . .

THE COURT:       And y'all are going to prepare an order for that too to dismiss the injunction?

MR. FUNDERBURK:    Okay.  Yes, sir.

Thereafter, the trial court signed a judgment ordering, adjudging, and decreeing that "the exception of no cause of action is granted such that Plaintiffs' suit is dismissed at Plaintiffs' cost."  The judgment also indicates that on July 1, 2024, "the *Exceptions* filed on behalf of Defendants Roderick J. Thibodeaux, Eric G. Thibodeaux and Luke Thibodeaux came to be heard."

Plaintiffs subsequently filed a Motion for Suspensive Appeal.  In this motion, Plaintiffs set forth facts regarding their claim for damages and for injunctive relief.  Plaintiffs also asserted the trial court ruled on Defendants' exceptions without Plaintiffs, who were five minutes late to the courthouse.  Plaintiffs alleged that Defendants "violated this preliminary injunction approximately 3 times[.]"  The Motion for Suspensive Appeal was denied on July 8, 2024.  However, on July 8, 2024, a Notice of Intention to Take Suspensive Appeal and to Set Return Date was

also filed.  On Plaintiffs' Order to Set Return Date, the trial court wrote "the return date is thirty (30) days after the estimated appeal costs are paid.  Amount of bond to be posted for suspensive appeal is set at $5,000.00."  Plaintiffs' motion to waive bond was denied.[2]

Despite taking an appeal, Shawn Thibodeaux, alone, filed a second Petition for Damages setting forth facts regarding a claim for damages and ownership of the property described in the petition.  Listed as Defendants were Roderick Thibodeaux, et al., Eric Thibodeaux, Luke Thibodeaux, Brian O'Quain, and Michael Thibodeaux.

As to the judgment on appeal, this court ordered the judgment be amended because it lacked proper decretal language as it failed to "specifically identify the names of the parties against whom relief is awarded."  Thereafter, an amended judgment was submitted.  Unlike the first, this judgment did not mention an exception filed by Luke Thibodeaux and granted the "exception of no cause of action, filed herein by Defendants Roderick J. Thibodeaux and Eric G. Thibodeaux" dismissing Plaintiffs' suit.  It is worth noting that the judgment does not indicate whether suit was dismissed with or without prejudice.  However, when a judgment is silent in this regard, "the dismissal must be without prejudice." *Benoist v. Jackson Nat'l Life Ins. Co.*, 22-878, p. 3 (La.App. 1 Cir. 4/14/23), 364 So.3d 1162, 1165 n.3.[3]

_____

[2] Our appellate record indicates that bond may not have been paid.

[3] *Benoist*, 364 So.3d at 1165 n.3 further explained:

A judgment dismissing a suit without prejudice is a final, appealable judgment. **Bridges v. Smith**, 2001-2166 (La. App. 1st Cir. 9/27/02), 832 So.2d 307, 309 n.4, writ denied, 2002-2951 (La. 2/14/03), 836 So.2d 121. A trial court's dismissal of a plaintiff's claims against a defendant "without prejudice" in the context of a peremptory exception raising the objection of no cause of action is to permit the plaintiff the opportunity to amend their petition to state a valid cause of action. See La. C.C.P. art. 934. See also, *e.g.*, **Robertson v. Sun Life Fin.**, 2009-2275 (La. App. 1st Cir. 6/11/10), 40 So.3d 507, 514; **McCartney v. McCormick**, 2007-0997 (La. App. 3rd Cir. 1/30/08), 974 So.2d 854, 860.

**PLAINTIFFS/APPELLANTS' BRIEF:**

On appeal, Plaintiffs, pro se, do not set forth a specific assignment of error, but assert the judgment was rendered in error. They identify three "arguments": "A. The intentional dilapidation of said property by the defendants, seller. B. The intentional refusal to fulfill their obligations and responsibility to fix property and other continued actions causing further damage to said property. C. The violation of the preliminary injunction by Gabe Duhon and Associates, Luke Thibodeaux and Eric Thibodeaux."

Plaintiffs' brief asserts facts not previously included in their petition; thus, we will not consider these in our review of the exception of no cause of action. The newly asserted facts detailed a mortgage for sale drafted by Luke Thibodeaux in 2012 for property located at 2001 Franks Alley, Abbeville, LA 70510. Nathan Porter began residing with Shawn Thibodeaux at this address in 2015, and, together, monthly mortgage payments were made. In 2016, Mr. Porter took over the payments entirely. Plaintiffs assert that, if given the chance at the trial court, they would have shown that Roderick Thibodeaux and Eric Thibodeaux intended to cause harm to all occupants of the dwelling, and that Eric Thibodeaux threatened and intimidated Mr. Porter. Evidence would have shown that cash, and later, money orders, was given to Eric Thibodeaux for the payments. Evidence would also show that Defendants intended on taking the house from Plaintiffs and filed an eviction in city court the day Defendants were served with the injunction.

Regarding their damage claim, Plaintiffs set forth facts detailing a 2019 event in which a car hit the dwelling at issue. Plaintiffs alleged that the damage was never fixed by Roderick, despite Plaintiffs' belief that a check for the property damage was received.

Plaintiffs pray that this court award the house to Plaintiffs and enjoin Defendants and their counsel from "all actions in regard to the house thereafter[,]" hold Defendants and counsel in contempt, and assign all costs "in city, district, and 3rd circuit court" to Defendants.[4]

Plaintiffs also filed an Emergency Contempt of Court for Violation of Preliminary Injunction by Defendants, seeking "the protectional rights of a preliminary injunction" with this court. Plaintiffs assert that on December 11, 2024, despite taking a suspensive appeal, an eviction hearing was held in the city court of Abbeville. The contempt motion was referred to the merits.

**DISCUSSION:**

The amended judgment on appeal only pertains to the exception of no cause of action filed by Defendants Roderick Thibodeaux and Eric Thibodeaux.[5]

The exception of no cause of action tests the legal sufficiency of a petition by determining whether the law affords a party a remedy based on the facts alleged in the pleading. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So.3d 876.

---

[4] Defendants/Appellees filed a brief in opposition with this court. However, that brief does not add to the discussion of this case and, at times, references pleadings not in the record of this court. Specifically, Defendants reference a "Petition for Writ of Mandamus, Motion to Recuse, and Appeal of the Judgment of July 1, 2024," filed with this court, as well as an opposition submitted thereto allegedly filed on October 2, 2024. These are not pleadings in this record and a review of the record does not contain a pleading filed on October 2, 2024. Furthermore, though Defendants allege documents were attached to Plaintiffs' appeal, no such documents exist.

[5] The exceptions of no cause of action and no right of action filed by Luke Thibodeaux were set for a hearing on August 12, 2024. Those exceptions were not before the court on July 1, 2024. Additionally, although a trial court can notice no cause of action or not right of action on its own motion, it is not apparent this is what occurred. *See* La.Code Civ.P. art. 927(B). We also note that the bond for deed, as evidence not attached to Plaintiffs' petition, would only be relevant to determining a no right of action. If an oral ruling on this was made, it was only made regarding Nathan Porter, not Shawn Thibodeaux, and it is not reflected in the amended judgment on appeal. The trial court looked at the document and noted who were parties to the document, which included Shawn Thibodeaux. The trial court noted Nathan Porter was not a party to that agreement and stated, "I am going to grant the exception that he is not a party to this case." The court then said it would file the lease/bond for deed along with the proposed judgment granting the no cause of action exception. Further, the minutes of August 12, 2024, conflict with the amended judgment, stating that the exceptions filed by Luke Thibodeaux were dealt with in a prior judgment.

"No evidence may be introduced at any time" in support of or in opposition to an exception of no cause of action. La.Code Civ.P. art. 931. "Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." *Dodson & Hooks, APLC v. La Cmty. Dev. Capital Fund, Inc.*, 20-1002, p. 1 (La. 2/17/21), 310 So.3d 553, 553 (per curiam) (on rehearing).

> "[A] court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Green* [*v. Garcia-Victor*], 2017-0695, p. 4, [(La.App. 4 Cir. 5/16/19)] 248 So.3d at 453(quoting *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.,* 2012-0220, p. 7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825)[, *writ denied*, 18-994 (La. 10/8/18), 253 So.3d 900]. "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not pled in the petition." *Id.* "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.* Further, "any doubt must be resolved in the plaintiffs' favor." *Id.* However, the mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action.

*White v. New Orleans Ctr. for Creative Arts*, 19-0213, pp. 7–8 (La.App. 4 Cir. 9/25/19), 281 So.3d 813, 819, *writ denied*, 19-01725 (La. 12/20/19), 286 So.3d 428. The sufficiency of a petition is a question of law; thus, the de novo standard of review is used on review. *Jackson*, 144 So.3d 876.

> Plaintiffs sought a preliminary injunction and damages in their petition.
>
> [A preliminary injunction] may be granted based merely on a *prima facie* showing by the petitioner that he is entitled to relief. *Mary Moe, L.L.C. v. Louisiana Bd. of Ethics,* 03-2220, p. 9 (La.4/14/04), 875 So.2d 22, 29. . . . "[T]he requirements to prevail on a hearing for a preliminary injunction are a showing that: 1) the injury, loss or damage mover will suffer if the injunction does not issue may be irreparable; 2) that he is entitled to the relief sought; and 3) that he is likely to prevail on the merits of the case." *Kern v. Kern,* 11-0915, p. 6 (La.App. 4 Cir. 2/29/12), 85 So.3d 778, 781. Irreparable injury means the applicant cannot be adequately compensated in money damages for his injury or

suffers injuries which cannot be measured by pecuniary standards. *HCNO Servs., Inc. v. Secure Computing Sys., Inc.,* 96-1753, 96-1693 (La.App. 4 Cir. 4/23/97), 693 So.2d 835, 842.

*Mid-S. Plumbing, LLC v. Dev. Consortium-Shelly Arms, LLC*, 12-1731, pp. 9–10 (La.App. 4 Cir. 10/23/13), 126 So.3d 732, 739.

At the hearing on the exception, the trial court asked for and admitted the bond for deed/lease document into evidence. We do not consider this document in deciding an exception of no cause of action. Pursuant to La.Code Civ.P. art. 931, the court can look only to those facts pleaded in Plaintiffs' Petition for Preliminary Injunction. In this case, the entirety of the petition is as follows:

> We, Nathan Porter [and] Shawn Thibodeaux petition the court for Preliminary Injunction for the property located at 2001 Franks Aly[,] Abbeville, Louisiana. We seek damages of the said property with dollar amount approximately 23,000.00. We ask all court cost [and] fees rest solely upon defendant(s).

Thereafter, service is requested on Roderick Thibodeaux and Eric Thibodeaux. The pleading is signed by both Nathan Porter and Shawn Thibodeaux. The attached Order further includes, "We, Nathan Porter [and] Shawn Thibodeaux petition the court to set date for a preliminary Injunction, to stop defendants['] unreasonable actions/evictions."

Plaintiffs also filed a "Motion/Order to add 3 Defendants." No additional facts regarding the underlying claim were made, but more defendants, including Luke Thibodeaux, were added.

"[A] *pro se* litigant may be afforded some leeway or patience in the form of liberally construed pleading[s.]" *Bradford v. Walker Auto.*, 19-292, p. 1 (La.App. 3 Cir. 11/6/19), 282 So.3d 1158, 1160 (quoting *Manichia v. Mahoney*, 10-87, p. 8 (La.App. 4 Cir. 8/4/10), 45 So.3d 618, 622, *writ denied*, 10-2259 (La. 11/24/10), 50 So.3d 829), *writ denied*, 20-111 (La. 1/30/20), 292 So.3d 57. However, even

affording leeway to the Plaintiffs herein, there are simply no facts alleged in the petition to consider.

Plaintiffs state their prayer for relief but allege no acts of wrongdoing on the part of Defendants, no facts indicating why an injunction is being sought or why they would suffer irreparable injury without one, no facts explaining why they are entitled to an injunction, and no facts indicating why they are owed damages. There is no background information provided pertaining to the apparent lease or bond for deed that is mentioned later in their motion for suspensive appeal and in their appellate brief. There are simply no facts from which to discern a cause of action. Thus, we affirm the trial court's grant of Defendants' exception of no cause of action.

**MOTION FOR CONTEMPT:**

Plaintiffs also filed an emergency motion for "Contempt of Court for Violation of Preliminary Injunction by Defendants" in this court asserting that defense counsel has not respected the court's "injunction or review of injunction on a suspensive appeal." Plaintiffs allege that Defendants filed an eviction proceeding that was heard in city court on December 11, 2024, and have violated the "injunction" in some way at least four times. We decline to consider this motion.

We note some confusion regarding whether a preliminary injunction was entered. The minute entry for April 8, 2024, indicated the rule for preliminary injunction was set but continued to July 1, 2024. On July 1, the minute entry stated the court "GRANTED the EXCEPTION . . . [and] GRANTED to have the Injunction DISMISSED, in order to move to get Ms. Thibodeaux out of the residence."

> MR. THIBODEAUX: We are just looking to get the injunction dismissed so we can move to get Ms. Thibodeaux out of the residence where she hasn't paid rent - -

> THE COURT: And y'all agree with that as well?

9

MR. FUNDERBURK:    Yes.

. . . .

THE COURT:    And y'all are going to prepare an order for that too to dismiss the injunction?

MR. FUNDERBURK:    Okay.  Yes, sir.

Despite the trial court asking that an order be filed dismissing the injunction and the minutes indicating an injunction was dismissed, no injunction was ever issued or signed according to the record on appeal.  The record contains Plaintiffs' petition for a preliminary injunction, the Order setting a hearing for the injunction, and the trial court's judgment granting the exception of no cause of action and dismissing Plaintiffs' suit.  There is no preliminary injunction signed by the trial court entered in the record.  Based on the foregoing, we decline to consider Plaintiffs' motion for contempt of court.

**DECREE:**

For the foregoing reasons, we affirm the grant of Roderick Thibodeaux and Eric Thibodeaux's exception of no cause of action.  Further, we decline to consider Plaintiffs' motion for contempt of court.  Costs of this appeal are assessed to Plaintiffs, Nathan Porter and Shawn Thibodeaux.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.