LABORDE, Judge.
This is a suit to revoke an inter vivos donation. On December 5, 1983, plaintiff, Stella Auberlin LeBourgeois, filed suit against her daughter, defendant, Aleen Le-Bourgeois Yeutter, seeking to revoke an Act of Donation Inter Vivos dated August 18, 1976. The plaintiff subsequently filed an amending and supplemental petition on March 7, 1984. After a trial on the merits, the trial court found against the plaintiff and for the defendant. Plaintiff now brings this appeal. We affirm.
FACTS
On August 18, 1976, plaintiff made an inter vivos donation of an interest in ten tracts of land in Iberia Parish to the defendant. These properties included, but were not limited to, an interest in the plaintiff’s *315 home, an interest in revenue producing commercial properties and an interest in certain oil producing properties. At the time of the donation, the total value of all the donated properties was $59,000.00. The Act of Donation reserved the usufruct of all the donated properties to the plaintiff. On December 5, 1983, plaintiff filed a petition seeking to revoke the Act of Donation on the grounds that the defendant fraudulently induced the plaintiff to execute the donation, or, in the alternative, due to the cruel treatment of the plaintiff on the part of the defendant. Plaintiff amended her petition on March 7, 1984, to add, as a basis for nullifying the donation, the failure to reserve sufficient property for her subsistence. Thus, she alleges that the donation was a donation omnium bono-rum and is an absolute nullity.
The trial court found that the plaintiff failed to prove that: (1) defendant had been guilty of cruel treatment; (2) defendant fraudulently induced the plaintiff to make the donation; and (3) the donation divested her of all her property i.e., she did not reserve enough for her subsistence. On appeal, the plaintiff raises nine issues for review and five specifications of error, not one of which involves the issues of cruel treatment or fraud. Since these issues were not urged on appeal, they are considered abandoned. Odell Vinson Oil Field Contractors v. El Dorado Gas Company, 429 So.2d 561 (La.App. 3d Cir.1983).
DONATION OMNIUM BONORUM
The nine issues for review and the five specifications of error urged by the plaintiff all boil down to the central issue of whether, under LSA-C.C. art. 1497, the donation was void ab initio because the plaintiff failed to reserve enough property for her subsistence. LSA-C.C. art. 1497 provides in pertinent part that:
“The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence. If he does not do it ... a donation of an immovable is null for the whole....”
Plaintiff contends that the donation made on August 18, 1976, to her daughter is an absolute nullity because she failed to reserve enough property for her subsistence. To support her claim, the plaintiff presented evidence at trial that the revenue producing capacity of the property over which she has a usufruct has dramatically decreased, and that the expenditures that she is legally obligated to make as the usufruc-tuary exceed the income the property generates. Specifically, the plaintiff lists her total expenditures on the property for 1986 to be $7,594.83, while her total income for 1986 was only $8,402.00. This would leave a net balance of $807.17 for her personal subsistence. Plaintiff states that this balance was insufficient for her subsistence and that it was necessary to receive funds from third parties to pay her expenses. Plaintiff also states that she is not able to pay the insurance premiums, pay the taxes, or make necessary repairs on the house in which she lives.
While we are sympathetic to the plaintiffs plight, we do not feel that she failed to reserve enough property for her subsistence under LSA-C.C. art. 1497. Plaintiff would have us make this subsistence determination on circumstances arising well after the making of the donation. However, we read Article 1497 to require that the determination be made from the facts which existed at the time of the donation. To do otherwise would allow for too much uncertainty and create instability in any donation. The Louisiana Supreme Court addressed this issue in Succession of Quaglino, 232 La. 870, 95 So.2d 481 (1957). In that case, the Court, ruling on a claim under Article 1497, stated:
“Appellants’ argument on this point seems to be that by conveying the real estate and the 46 shares of stock to his sons Philip Quaglino divested himself of all his property and did not reserve to himself enough for subsistence because when he died there were more debts than assets in his estate. Even if these conveyances were donations, which we have found they were not, there is no evidence in this record to show that at the time these conveyances were made the father *316 did not reserve enough property for his subsistence.” [Emphasis added]
Id. 95 So.2d at 487. In our survey of the jurisprudence we could find no case which would support the plaintiffs position; in fact, every case we found measured the donor’s subsistence at the time of the making of the donation. E.g. Maxwell v. Maxwell, 180 La. 35, 156 So. 166 (1934); Ellis v. Benedict, 408 So.2d 987 (La.App. 2d Cir. 1981). Therefore, we conclude that Article 1497 requires that the determination of' whether the donor (the plaintiff in this case) reserved enough property for his subsistence must be made from the circumstances existing at the time the donation is made.
We now must decide whether the plaintiff did in fact reserve enough property at the time of the donation for her subsistence. The record indicates that at the time of the donation the donated properties were generating at least $1,577.00 in income per month. As the usufructuary, the plaintiff was receiving at least ⅝ of that income. In addition to this, the plaintiff retained ownership interest in other properties, owned an undetermined amount in bonds, received $400.00 per month in Social Security and possessed $1,268.00 in interest on savings in the bank. We find that the evidence clearly establishes that at the time of the donation, the plaintiff reserved sufficient assets to meet her needs. Accordingly, we hold that the plaintiff failed to prove that the donation to the defendant violated the provisions of Article 1497.
For the foregoing reasons, the decision of the trial court is affirmed. Although plaintiff has proceeded in this appeal in forma pauperis, she is responsible for payment of the costs of this appeal because she failed to prevail. LSA-C.C.P. art. 5188; Allemond v. Guidry, 345 So.2d 1298 (La.App. 3d Cir.1977).
AFFIRMED.