EDWIN A. LOMBARD, Judge.
|, Plaintifi/appellant, Theodore Louis Manichia, appeals a granting of summary judgment in favor of defendants/appellees, Carole L. Garell Mahoney and Lanny Joseph Garell, dismissing all remaining claims against them in Mr. Manichia’s suit to nullify a donation inter vivos of immovable property. For the reasons provided herein, the decision of the district court to grant appellees’ motion for summary judgment is affirmed.

Factual and Procedural History

Appellant, Theodore Louis Manichia, executed a document dated June 30, 2005 which stated that he “does by these presents, irrevocably donate inter vivos, give, grant, transfer, set over” a tract of land, including “all the buildings and improvements thereon, rights ways, privileges and appurtenances thereto,” and bearing the address of 6913 Highway 39 in Braith-waite, Louisiana in Plaquemines Parish, to his niece, Carol L. Garell Mahoney and his nephew, Lanny Joseph Garell. This donations inter vivos was executed via authentic act and was notarized by Charles A. Arceneaux, and witnessed by Kathy Lutz and Kim Toupe.
In February of 2006, Mr. Manichia executed a document in which power-of-attorney status over his personal and financial affairs was granted to Kathleen RBecnel Burmaster, who would serve as his “agent” in all matters related to Mr. Manichia’s finance, property, donations, and medical decisions. At this time appellant also drafted a Last Will and Testament in which Ms. Burmaster would be the recipient of his estate.
On August 1, 2008, Mr. Manichia filed suit against Mr. Mahoney and Ms. Garell, seeking to declare the donation inter vivos of June 30, 2005 -null and void as not having met the requirements of La. Civ. Code art. 1536. Defendants filed an answer to appellant’s petition denying the allegations and seeking declaration that the donation was in fact valid. A bench trial was scheduled for August 31, 2009. During the discovery phase of the lawsuit, depositions were taken of Charles Arcen-eaux, the notary to the June 30, 2005 donation, and Kim Toups and Kathy Lutz, the two witnesses to the donation. Mr. Manichia and the two defendants were also deposed. Defendants in turn filed a petition for damages and sanctions against Mr. Manichia and Ms. Burmaster, but this action is not at issue in this appeal.
On April 24, 2009, defendants filed a motion for summary judgment seeking to dismiss all claims alleged by Mr. Manichia, stating that he duly executed the donation inter vivos, that it was executed properly before a Notary, and two witnesses. Ap-pellees further argued that a handwriting expert retained by Mr. Manichia himself confirmed that the signature on the donation was his.
In evidentiary support of their motion for summary judgment, defendants submitted an affidavit executed and signed by Mr. Arceneaux, stating that Mr. Manichia stated numerous times that he wanted to give his land to his nephew and niece, and that the act was properly executed before him with Mr. Manichia and the two witnesses present. Defendants also submitted Mr. Arceneaux’s deposition | a transcript and the letter from plaintiffs handwriting expert verifying that plaintiff signed the donation instrument of June 30, 2005. Defendants further submitted excerpts from the depositions of the two witnesses purportedly verifying their signing of the donation instrument at issue. Plaintiff opposed the defendants’ motion for summary *620 judgment, contending that it “was not executed before a Notary and two witnesses and that the signature on the instrument is not his.” Attached to plaintiffs opposition to summary judgment is the transcript of his deposition, in which he denied executing the donation instrument at issue.
On July 23, 2009, plaintiff, no longer represented by counsel and appearing pro se[1], filed an amended petition, adding a claim of ingratitude under La. Civ.Code art. 1560 as grounds for revocation of the donation inter vivos instrument of June 30, 2005. Defendants later filed exceptions of prescription and no cause of action, and objected to the timing of plaintiffs amended petition. The trial court allowed plaintiff to submit amendments to his petition beyond the trial order deadline because he was appearing pro se, and the court wanted to afford plaintiff every opportunity to raise all allegations.
On September 11, 2009, plaintiff filed an opposition to defendants’ exceptions, arguing that he did in fact have causes of action against defendants, and for the first time alleged a cause of action under La. Civ. Code art. 1498, which raises that a donation inter vivos shall not divest if the donor did not reserve for himself enough for subsistence. This claim under Art. 1498 has not been formally pled in an amended petition. After hearing arguments on defendants’ motion for summary judgment on July 27, 2009 and on defendants’ exceptions of ^prescription and no cause of action on September 21, 2009, the trial court issued a written judgment on October 20, 2009 granted the exception of prescription as to allegations of ingratitude, declared the donation inter vivos of the land to defendants as valid, and granted summary judgment in favor of defendants on all remaining claims. Plaintiff then brought forth this timely appeal.

Assignments of Error

Plaintiff does not raise the issue of the validity of the execution of the donation instrument of June 30, 2005, nor does he appeal the sustained exception of prescription as to his claims of ingratitude. Plaintiffs assignments of error all pertain to his sole remaining claim that the donation inter vivos of June 30, 2005 is a nullity as a donation omnium bonorum under La. Civ. Code art. 1498, because it left him without enough for subsistence. In particular, plaintiff argues that the trial court erred in failing to determine plaintiffs donative intent and amount of property and money at the time of the donation.

Standard of Review, Summary Judgment

An appellate court reviews a district court’s decision to grant a motion for summary judgment de novo, using the same criteria that governs the district court’s consideration of whether summary judgment is appropriate. Kimpton Hotel & Restaurant Group, Inc. v. Liberty Mutual Fire Ins. Co., 2007-1209, p. 3 (La.App. 4 Cir. 12/19/07), 974 So.2d 72, 75. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966(B). The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the | ¿court, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather point out to the *621 court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. La.Code Civ. Proc. art. 966(C)(2). “[A]n adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts establishing that there is a genuine issue of material fact for trial.” La. Code Civ. Proc. art. 967(B). Summary judgment may be rendered dis-positive of a particular issue, theory of recovery, cause of action or defense. La. Code Civ. Proc. art. 966(E). A summary judgment procedure is favored under our law.

Law and Analysis

A donation inter vivos is a contract by which a person, called the donor, gratuitously divests himself, at present and irrevocably, of the thing given in favor of another, the donee, who accepts it. La. Civ.Code art. 1468. Capacity to donate inter vivos must exist at the time the donor makes the donation. La. Civ.Code art. 1471. A donation inter vivos shall be made by authentic act under the penalty of absolute nullity, unless otherwise expressly permitted by law. La. Civ.Code art. 1541. Because we do not find any evidence in the record that the plaintiff did not reserve to himself enough for subsistence, upon de novo review, we affirm the decision of the trial court’s granting of summary judgment.
Plaintiff/appellant does not raise as assignments of error the determination of the trial court that the donation inter vivos instrument of June 30, 2005 was not valid as to form, or that it was lacking his signature. Appellant does argue, though, that he did not have requisite intent to donate his immovable property to appel-lees. | 6However, “[a]n authentic act constitutes full proof of the agreement it contains, as against the parties, their heirs, and successors by universal or particular title.” La. Civ.Code. art. 1835. Therefore, appellant’s first assignment of error as to donative intent at the time of the donation is without merit.
Appellant’s first and remaining assignments of error mainly involve his primary assertion on appeal, which is that the donation at issue is an absolutely null donation omnium bonorum under La. Civ.Code art. 1498. Art. 1948 pertains to the nullity of a donation inter vivos that divests a donor’s entire patrimony, and provides as follows in pertinent part:
The donation inter vivos shall in no case divest the donor of all his property: he must reserve to himself enough for subsistence. If he does not do so, a donation of a movable is null for the whole, and a donation of an immovable is null for the whole unless the donee has alienated the immovable by onerous title, in which case the donation of such immovable shall not be declared null on the ground that the donor did not reserve to himself enough for his subsistence, but the donee is bound to return the value of the immovable at the time the donee received it.
(emphasis added).
Where a donation is sought to be annulled on the ground that he would have divested himself of all of his property without enough for his subsistence, the burden of proof rests upon the plaintiff to prove that the donor has not reserved enough for his subsistence. C.B. Lamkin, et al. v. Hanna, (La.App. 2 Cir.1961), 135 So.2d 659, 661; see also Abshire v. Levine, 87-1236 (La.App. 3 Cir. 8/28/89), 546 So.2d 642, 643 (“[t]he party seeking to avoid a donation as a donation omnium bonorum has the burden of proving that the donor did not retain enough for his subsistence.”)
*622 Plaintiff argues that his current monthly income amounts to approximately $306.00, but that his monthly expenses are $3,536.57. Plaintiff also raises |7questions regarding his ability to currently pay utilities, insurance, and other expenses. Essentially, plaintiff would have us make this subsistence determination on circumstances arising well after the making of the donation. However, La. Civ.Code art. 1498 requires that the determination of whether the donor (the plaintiff in this case) reserved enough property for his subsistence must be made from the circumstances existing at the time the donation was made. LeBourgeois v. Yeutter, 88-661 (La.App. 3 Cir. 10/4/89), 550 So.2d 314, 316, rehearing denied, November 17, 1989. The Louisiana Supreme Court addressed this issue long ago in Succession of Quaglino, 232 La. 870, 95 So.2d 481 (La.1957), holding:
Appellants’ argument on this point seems to be that by conveying the real estate and the 46 shares of stock to his sons Philip Quaglino divested himself of all his property and did not reserve to himself enough for subsistence because when he died there were more debts than assets in his estate. Even if these conveyances were donations, which we have found they were not, there is no evidence in this record to show that at the time these conveyances were made the father did not reserve enough property for his subsistence.
Id., 232 La. at 888, 95 So.2d 481.
The current financial and property status of a donor is not at issue when considering whether a donor left enough for his own subsistence. Appellant did not raise the issue of donation omnium bono-rum until after defendants’ motion for summary judgment, and he did not present any genuine issue of material fact that he was left without enough for his subsistence at the time of the donation. In order to attack such a donation successfully, the plaintiff generally must prove conclusively that the donation divested the donor of all of his or her property. Owen v. Owen (La.1976), 336 So.2d 782, 786.
In their motion for summary judgment, appellees provided ample evidence regarding the validity of the donation instrument. Plaintiffs claim for nullity 18under La. Civ.Code art. 1498 was not raised until well after defendants’ motion, but at the hearing on defendants’ motion for summary judgment, plaintiff admitted on record to having nearly $170,000 in certificates of deposit (CD’s) at the time of the donation at issue. The trial record also contains written confirmation from plaintiff and Ms. Burmaster that various certificates of deposit were in his possession on December 21, 2005. Appellant again attested to having as much in CD’s as of December 2005 in his failed motion to proceed with this appeal in forma pauper-is. Therefore, appellant’s remaining assignments of error are without merit.

Conclusion

While a pro se litigant may be afforded some leeway or patience in the form of liberally construed pleading[2], plaintiff, as the party with the burden of proof on his claim for nullity under Art. 1498 at trial, has not presented a genuine issue of material fact in response to the defendants’ pointing out that he clearly had enough for his own subsistence at the time of the donation. La.Code Civ. Proc. art. 966(B). As such, defendants are entitled to judg *623 ment as a matter of law on the plaintiffs sole remaining issue on appeal.
Because the defendants have pointed out to the court that there is a clear absence of factual support of plaintiffs claim that he is entitled to have the donation inter vivos of June 30, 2005 nullified under La. Civ. Code art. 1498, the decision of the trial court to grant their motion for summary judgment is affirmed.
AFFIRMED.

. Plaintiff was given ample opportunities to retain new counsel by the trial court. Plaintiff is now again represented by counsel for this appeal.

. See Price v. Kids World, 2008-1815, p. 6 (La.App. 1 Cir. 3/27/09), 9 So.3d 992, 996, rehearing denied, May 13, 2009, writ not considered, 2009-1340 (La.9/25/09), 18 So.3d 94, reconsideration denied, 2009-1340 (La.11/25/09), 22 So.3d 165.