Judge Rosemary Ledet
This is a government benefit case. The Appellant, Justo Roque, Jr., appeals the district court's judgment affirming the decision of the administrative law judge ("ALJ") that the Department of Children and Family Services ("DCFS") correctly determined the amount of his benefit under the federal Supplemental Nutrition Assistance Program ("SNAP"). For the reasons that follow, we affirm.
*1253 BACKGROUND AND PROCEDURAL HISTORY
In early 2017, DCFS advised Mr. Roque, who was receiving a SNAP benefit, that he was required to recertify his eligibility. In response, Mr. Roque completed a re-enrollment form. Based on the information provided, DCFS approved Mr. Roque's re-enrollment. DCFS also informed him that it had determined his SNAP benefit would be $ 82 per month.
Challenging the determination, Mr. Roque requested an administrative hearing.[1] After the hearing, the ALJ affirmed the determination. Mr. Roque petitioned the district court for review of the ALJ's decision.[2] After a hearing, the district court affirmed the ALJ's decision. This appeal followed.[3]
DISCUSSION
Judicial review of DCFS' SNAP benefit determinations is governed by the Louisiana Administrative Procedure Act, La. R.S. 49:950, et seq. ("APA"). See La. R.S. 46:107(D) (providing that "all adjudicatory and review proceedings under this Section shall be governed by the [APA]"). Under the APA, the standard of judicial review is as follows:
[A reviewing court] may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court *1254 shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
La. R.S. 49:964(G).
Before addressing Mr. Roque's arguments on appeal, we find it appropriate to discuss the statutory and regulatory framework of SNAP. Under SNAP, funds appropriated by Congress are disbursed to the states, which in turn distribute the funds to qualifying households pursuant to federal regulations.[4] Congress has authorized the states to adopt a simplified SNAP for households with elderly or disabled members who are eligible to receive Supplemental Security Income ("SSI").[5] Louisiana has adopted a simplified SNAP, called the Louisiana Combined Application Project ("LaCAP").[6]
Under LaCAP, SNAP benefits are determined using a three-tiered framework.[7] Each qualifying applicant is assigned to a tier based on the applicant's shelter costs (i.e. , housing and utility costs), and each tier provides a standard benefit amount.[8]
*1255 Mr. Roque applied for, and is receiving, his SNAP benefit under LaCAP.
The gist of Mr. Roque's argument on appeal is that, in determining his SNAP benefit under LaCAP, DCFS was required, but failed, to consider his actual monthly utility and medical expenses.[9] Mr. Roque contends that DCFS' failure to consider his actual monthly expenses resulted in an erroneous tier assignment and, by extension, an insufficient benefit, which prejudiced his substantial rights. Thus, he contends, the ALJ's decision affirming DCFS' determination should be reversed. We consider Mr. Roque's arguments regarding his utility and medical expenses separately.
Utility Expenses
The Federal SNAP Act allows states that have adopted a simplified SNAP to use a Standard Utility Allowance ("SUA"), rather than considering actual utility expenses.[10] Indeed, the Federal SNAP Act confers on such states the authority to make the use of an SUA mandatory.[11] Consistent with these provisions, Louisiana has mandated the use of an SUA for households that incur heating or cooling expenses separate and apart from their rent or mortgage.[12]
In his re-enrollment form, Mr. Roque represented that he incurs heating and cooling expenses separate and apart from his rent. Thus, in determining Mr. Roque's LaCAP tier assignment, DCFS was required to consider only the SUA, rather than Mr. Roque's actual utility expenses.
Medical Expenses
The Federal SNAP Act permits consideration only of medical expenses exceeding $ 35 per month.[13] During the administrative hearing, DCFS offered *1256 pharmacy receipts provided by Mr. Roque establishing that his monthly medical expenses are $ 11.[14] Because Mr. Roque's monthly medical expenses do not exceed $ 35, DCFS was not permitted to consider such expenses in determining Mr. Roque's LaCAP tier assignment.
In sum, DCFS' determination of Mr. Roque's SNAP benefit under LaCAP violated no statutory provision and, thus, did not prejudice his substantial rights. To the contrary, DCFS correctly determined Mr. Roque's SNAP benefit. Mr. Roque pays $ 136 per month in rent; the SUA is $ 353 per month-making Mr. Roque's monthly combined shelter cost $ 489.[15] Accordingly, DCFS correctly assigned Mr. Roque to the second LaCAP tier, for which the standard benefit is $ 82 per month.
DECREE
For the foregoing reasons, the district court's judgment is affirmed.
AFFIRMED

See 7 C.F.R. § 273.15(a) (providing that "each State agency shall provide a fair hearing to any household aggrieved by any action of the State agency which affects the participation of the household in [SNAP]"); La. R.S. 46:107(A)(1) (providing that DCFS "shall provide for a system of hearings and are responsible for fulfillment of all hearing provisions as prescribed under ... [SNAP]" and that "[u]nder these provisions, an opportunity for a hearing shall be granted at the state level to ... any recipient who is aggrieved by an agency action resulting in suspension, reduction, discontinuance, or termination of benefits").

See La. R.S. 46:107(C) (providing that "an applicant or recipient may obtain judicial review [of an administrative decision] by filing a petition for review of the decision in the Nineteenth Judicial District Court ["19th JDC"] or the district court of the domicile of the applicant or recipient"). Mr. Roque initially filed his petition for review in the 19th JDC. Subsequently, he filed a motion requesting that the case be transferred to the Civil District Court for the Parish of Orleans ("CDC")-the district court of Mr. Roque's domicile. Finding venue in Orleans Parish to be proper, the 19th JDC granted Mr. Roque's motion and transferred the case to the CDC.

See La. R.S. 49:965 (providing that "[a]n aggrieved party may obtain a review of any final judgment of the district court by appeal to the appropriate circuit court of appeal" and that "[t]he appeal shall be taken as in other civil cases").
While Mr. Roque's appeal was pending, this court, citing Schwarzenberger v. Louisiana State Univ. Health Scis. Ctr.-New Orleans , 18-0812 (La. App. 4 Cir. 1/9/19), 263 So.3d 449, issued an order to the district court to amend its judgment "to include the appropriate and necessary decretal language." In compliance with that order, the district court amended its judgment, and the Clerk of the CDC supplemented the record on appeal.

See generally 7 U.S.C. § 2011, et seq. ("the Federal SNAP Act"); 7 C.F.R. § 271, et seq. In Louisiana, DCFS is the agency responsible for administering and distributing SNAP benefits. See generally La. R.S. 46:290.1, et seq. ; La. Admin. Code tit. 67, Pt. III, § 1701, et seq.

See 7 U.S.C. § 2035(b) (providing that "a State may elect to carry out a simplified [SNAP] ... in accordance with this section"). Because households in which all members receive or are authorized to receive SSI benefits are categorically eligible for SNAP benefits, simplified SNAPs facilitate the efficient distribution of benefits by reducing such households' evidentiary burden in demonstrating need and the states' administrative burden in processing applications. See 7 C.F.R. § 273.2(j)(2)(i)(D) (providing that "[a]ny household in which all members receive or are authorized to receive SSI benefits" are "categorically eligible for food stamps unless the entire household is institutionalized as defined in § 273.1(e) or disqualified for any reason from receiving food stamps").

See La. Admin. Code tit. 67, Pt. III, § 2101(A) (providing that "[t]he Louisiana Combined Application Project (LaCAP) is established in accordance with applicable state and federal laws").

See La. Admin Code. tit. 67, Pt III, § 2107(A) (providing that "[p]articipants [in LaCAP] will receive one of three standard amounts of SNAP benefits based on the household's total combined shelter (housing and utilities) costs").

Id. The current breakdown of LaCAP tiers and the SNAP benefit associated with each tier is as follows:
Monthly Combined Shelter Costs Monthly Allotment $0 - $399.99 $29 $400 - $699.99 $82 $700 or more $173
Because, in a particular case, LaCAP's three-tiered framework may not provide an appropriate benefit amount, application for SNAP benefits through LaCAP is optional. Individuals wishing to have their benefits determined under regular SNAP-which allows consideration of circumstances beyond shelter costs-may do so at any time. See La. Admin. Code tit. 67, Pt III, § 2113(A) (providing that "[h]ouseholds may choose to opt out of LaCAP at any time and participate in regular SNAP, if otherwise eligible").

Contrary to the requirements of Rule 2-12.4(5)-(6) of the Uniform Rules of the Courts of Appeal, Mr. Roque's appellate brief contains neither an assignment of alleged error nor a listing of the issues presented for review. Given that Mr. Roque is representing himself, we construe his appellate brief liberally. See Manichia v. Mahoney , 10-0087, p. 8 (La. App. 4 Cir. 8/4/10), 45 So.3d 618, 622 (observing that "a pro se litigant may be afforded some leeway or patience in the form of liberally construed pleading").

7 U.S.C. § 2035(f)(2) (providing that "[i]n operating a [simplified SNAP, like LaCAP], a State or political subdivision of a State may standardize the deductions provided under section 2014(e) of this title"); 7 U.S.C. § 2014(e)(6)(A) (providing that "[a] household shall be entitled ... to an excess shelter expense deduction to the extent that the monthly amount expended by a household for shelter exceeds an amount equal to 50 percent of monthly household income after all other applicable deductions have been allowed"); 7 U.S.C. § 2014 (e)(6)(C)(i) (providing that "[i]n computing the excess shelter expense deduction, a State agency may use a standard utility allowance").

7 U.S.C § 2014(e)(6)(C)(iii) (providing that "[a] State agency may make the use of a standard utility allowance mandatory for all households with qualifying utility costs").

La. Admin. Code tit. 67, Pt III, § 1965(A) (providing that "[h]ouseholds which incur heating or cooling costs separate and apart from their rent or mortgage use a mandatory single [SUA] ... in the determination of shelter costs and deductions").

7 U.S.C. § 2014(e)(5)(A) (providing that "[a] household containing an elderly or disabled member shall be entitled ... to an excess medical expense deduction for the portion of the actual costs of allowable medical expenses, incurred by the elderly or disabled member, ... that exceeds $ 35 per month"). DCFS contends that, although medical expenses can be considered under regular SNAP, medical expenses are categorically excluded from consideration under LaCAP. We need not decide that issue here. Even assuming medical expenses could be considered under LaCAP, Mr. Roque's medical expenses do not meet the federal threshold.

Additionally, in a document filed with DCFS on April 5, 2017, Mr. Roque represented that his monthly medical expenses were, on average, $ 8.50. In a document filed in the 19th JDC on September 8, 2017, Mr. Roque represented that his monthly medical expenses were, on average, between $ 9.50 and $ 11.50. In a document filed in the CDC on August 23, 2018, Mr. Roque represented that his monthly medical expenses were, on average, between $ 11.50 and $ 18.00.

During the administrative hearing, DCFS represented that the SUA is $ 349. Before the district court, however, DCFS inconsistently represented that the SUA is both $ 349 and $ 353. Similarly, in its appellate brief in this court, DCFS inconsistently represents that the SUA is both $ 349 and $ 353. We need not resolve this factual issue to dispose of Mr. Roque's appeal, however; either SUA amount places Mr. Roque in LaCAP's second tier.