# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-136


MONA C. WILSON

VERSUS

ST. LANDRY PARISH SCHOOL BOARD, ET AL.



**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 19-C-0565-B
HONORABLE GERARD CASWELL, DISTRICT JUDGE

**********

## JOHN E. CONERY
## JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, Elizabeth A. Pickett, John
E. Conery, and Jonathan W. Perry, Judges.


Saunders, J., dissents.
Perry, J., dissents and assigns reasons.


**DENIAL OF MOTION TO RECUSE REVERSED;
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.**

**Mona C. Wilson**
**In Proper Person**
**Post Office Box 632**
**Washington, Louisiana  70589**
**(337) 212-1127**


**Jonathan D. Blake**
**Courtney T. Joiner**
**Hammonds, Sills, Adkins, and Guice, LLP**
**2431 S. Acadian Thruway, Suite 600**
**Baton Rouge, Louisiana  70808**
**(225) 923-3462**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **St. Landry Parish School Board**
    **Edward Brown, Superintendent, St. Landry Parish School Board**
    **Larry Watson, Principal, Plaisance Elementary**

**CONERY, Judge.**

Several students alleged that a male coach at Plaisance Elementary School instructed students under his supervision to physically discipline younger students due to their disruptive behavior. One student also implicated Plaintiff, a female coach and elementary school teacher. Following an investigation, the St. Landry Parish School Board terminated Plaintiff's employment. More than two years after the purported incident, Plaintiff filed suit seeking damages associated with wrongful termination and defamation. Plaintiff filed a Motion for Recusal of the trial judge, alleging as grounds that he had served as counsel for the School Board for twenty-four years before he became a judge. The trial judge denied the motion without a hearing and without referring the matter to another judge to conduct a hearing. Defendants filed exceptions of prescription and failure to timely request service. Following a hearing on the exceptions, the trial court sustained both exceptions and dismissed Plaintiff's claim with prejudice. Plaintiff appeals. Finding legal error in the trial court's denial of the motion to recuse without a hearing as required by La.Code Civ.P. art. 154, we reverse that ruling and vacate the final judgment of December 2, 2019. We remand for a hearing on Plaintiff's motion to recuse in accordance with La.Code Civ.P. art. 154.

## FACTS AND PROCEDURAL HISTORY

The purported May 10, 2016 incident giving rise to this suit occurred at Plaisance Elementary School in St. Landry Parish, where Plaintiff, Mona C. Wilson, was a physical education teacher. Several fifth grade students were purportedly assaulted by several older students while in the boy's locker room in the gym. The older students asserted that they were instructed to do so by a male coach as a form of discipline to the younger students due to their unruly behavior. One of the

students accused Plaintiff, who had purportedly been appointed as the school disciplinarian,[1] of allegedly instructing him to whip the younger students. Plaintiff, Ms. Wilson, was further accused of encouraging one of the older students to change his statement regarding her alleged involvement in the incident.

The parents of the students filed a criminal complaint against Ms. Wilson with the Sheriff of St. Landry Parish, accusing her of improper discipline. Plaintiff explains that she was "arrested and faced criminal charges on May 17, 2016 for the alleged incident." According to Plaintiff's petition, the criminal complaint was not resolved until February 9, 2018 when all pending charges were dropped.[2]

The St. Landry Parish School Board had also initiated its own investigation, which lasted through the summer of 2016. School Superintendent Edward Brown then informed Plaintiff by letter of September 14, 2016 that her employment was terminated. As a non-tenured teacher, Ms. Wilson was not afforded a disciplinary

_____

[1] The parameters of Ms. Wilson's role as disciplinarian are not delineated in the record. The record includes correspondence from the attorney representing her during the investigation that suggests the disciplinary role was one of practice rather than a contractual one:

> With regard to the statements from teachers on the issue of whether Ms. Wilson was the "school disciplinarian", I note that Ms. Wilson was specifically employed at Plaisance Elementary as the female physical education teacher. The statements provided confirm that there is nothing in writing instructing, delegating or providing for Ms. Wilson to be the "school disciplinarian". As such, she should not have been responsible for the joint or simultaneous oversight of her female physical education class and the students with discipline issues. It would seem more proper to send such students to teachers who have an "off period" or someone who was actually employed and trained to deal with disciplinary issues. Nevertheless, Ms. Wilson has never denied that students with disciplinary issues were sent to the gymnasium during her normal physical education classes. However, because there were no written instructions from which to follow, it became the understood practice between the physical education teachers for male students with disciplinary issues to be instructed and overseen by the male coach, and for female students with disciplinary issues to be instructed and overseen by the female coach.

[2] Although the record is silent as to the criminal proceedings outside of Plaintiff's petition and amended petition, Plaintiff indicates in her brief to this court that her counsel at the criminal proceedings advised her "to accept a plea of no contest to misdemeanor improper supervision instead of felony charges." She did so and explains that all charges "were dismissed."

hearing. She was never afforded an opportunity to rebut the charges at a hearing or to have her then attorney confront and cross examine any of the alleged witnesses.

The termination letter states in pertinent part:

> On August 3, 2016, I sent you a letter indicating that I was considering taking disciplinary action against you and providing you with an opportunity to respond to the letter.[3] I have carefully reviewed all relevant information, including the initial and supplemental responses filed on your behalf, concerning the incident that occurred at Plaisance Elementary School on May 10, 2016.
>
> After conducting my review, I have decided to terminate your employment as a teacher with the St. Landry Parish School Board effective **September 14, 2016**. This letter serves as your notice of termination. You will receive your final payout on September 28, 2016.
>
> In accordance with Louisiana Revised Statute 17:443(A),[4] please be advised that you may seek a summary review of my decision within 60 days.

(Emphasis added.)

Plaintiff did not seek judicial review of the termination action under La.R.S. 17:443, but filed this lawsuit on **February 5, 2019**. The petition and subsequent

---

[3] The referenced August 3, 2016 letter is not included in this limited record. Plaintiff's petition indicates that she was informed by Superintendent Brown of possible disciplinary action. She sets forth a portion of his letter in her petition as follows:

> On or about May 17, 2016, officers from the St. Landry Parish Sheriff Department arrested you in connection with an incident that occurred a week earlier when several eight grade students struck several fifth grade students during your seventh period gym or physical education class. Principal Larry Watson and law enforcement were made aware of the incident, it was reported that you contacted the parent of at least one of the offending students in an apparent effort to obstruct or hinder the subsequent investigation into the incident. Court records indicate that your actions resulted in you being charged with the following crimes:
>
> Malfeasance in office;
> Criminal conspiracy;
> Obstruction of Justice;
> Encouraging or contributing to child delinquency, dependency or neglect.

[4] As it relates to nontenured teachers such as Ms. Wilson, Louisiana Revised Statutes La.R.S. 17:443 provides:

> A. The school superintendent may take disciplinary action against any nontenured teacher after providing such teacher with the written reasons therefor

3

Amended Petition reported the timeline of events, including the allegations surrounding the purported May 10, 2016 incident, the School Board's May 13, 2016 notice of paid administrative leave, the School Board's August 3, 2016 notice of possible disciplinary action, the August 15, 2016 response of Plaintiff's attorneys to the notice of disciplinary action, and the above quoted September 14, 2016 notice of termination of employment.

Plaintiff's suit named the School Board, Superintendent Brown and Plaisance Elementary Principal Larry Watson as defendants, and broadly alleged causes of action for wrongful termination and defamation. Plaintiff also included in an Amended Petition an allegation that Principal Watson improperly "coerced" one of the students "to write another statement to include [Plaintiff's] name on it and

---

and providing the teacher the opportunity to respond. The teacher shall have seven days to respond, and such response shall be included in the teacher's personnel file. The superintendent shall notify the teacher in writing of his final decision. Within sixty days of such notice, the teacher may seek summary review in a district court pursuant to Code of Civil Procedure Article 2592. The district court's review shall be limited to determining whether the action taken by the superintendent was arbitrary or capricious.

In contrast, a tenured teacher is afforded an opportunity for a review hearing as follows:

B. (1) A teacher with tenure shall not be disciplined except upon written and signed charges by the superintendent or his designee of poor performance, willful neglect of duty, incompetency, dishonesty, immorality, or of being a member of or contributing to any group, organization, movement, or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if furnished with a copy of such written charges and given the opportunity to respond. The teacher shall have ten calendar days from written notice of the charges to respond, in person or in writing. Following review of the teacher's response, the superintendent may take interim disciplinary action, which may include placing the teacher on administrative leave. The teacher shall not be placed on administrative leave without pay unless the teacher has been arrested for a violation of any of the following: R.S. 14:42 through 43.5, 80 through 81.5, any other sexual offense affecting minors, any of the crimes provided in R.S. 15:587.1, or any justified complaint of child abuse or neglect on file in the central registry pursuant to Children's Code Article 615. Within ten calendar days after written notice of the interim disciplinary action or within ten calendar days after receipt of the teacher's response if no interim disciplinary action is taken, a teacher may request a hearing before a disciplinary hearing officer. If the teacher fails to timely request a hearing, the disciplinary action becomes final.

4

provided that statement to the St. Landry Parish Sheriff's Office as fact." This seems to be the only student implicating Plaintiff. Ms. Wilson notes that the male coach was allegedly in charge of the boys' gym class at the time.

With the litigation pending, Plaintiff filed a "Motion to Recuse Judge Caswell" in proper person alleging, in totality, that: "The St. Landry Parish School Board is a defendant in a personal injury/defamation/wrongful termination lawsuit. Th[at] entity and the Honorable Judge Caswell have previous association as client/employer for 24 years. A reasonable objective observer would think that this is a conflict of interest."

Judge Caswell denied the motion to recuse without a hearing and without referral to another judge for hearing. He filed a Written Order wherein he denied that he was "**previously employed** by the State Landry Parish School Board." (Emphasis added.) However, Plaintiff alleged that the judge was under contract as the attorney for the School Board for twenty-four (24) years. The trial judge denied that he had been "employed" by the School Board for twenty-four years but did not address the issue of whether he, in fact, **had** acted as the School Board's attorney for twenty-four (24) years before he became a judge in 2014, or how his longstanding representation of the School Board may impact his decision-making process. Rather, Judge Caswell determined that "[m]oreover, the Petitioner's motion fails to meet the requirements of Louisiana Code of Civil Procedure Article 151. The Petitioner has failed to state grounds for the recusal of Judge Caswell and **has not provided proof of same**."[5] (Emphasis added.) The trial court concluded "no hearing is required" on the motion.

---

[5] "Proof" is generally introduced at a hearing, the opportunity for which was denied.

Defendants responded to Plaintiff's petition with the filing of a "Peremptory Exception of Prescription," noting the delictual nature of Plaintiff's claims and the greater than two-year lapse between the underlying 2016 events and the February 2019 filing of suit. Finding no merit in Plaintiff's assertion that the doctrine of *contra non valentem* precluded the earlier running of prescription, the trial court sustained the exception after an evidentiary hearing.

Defendants also filed a "Declinatory Exception of Failure to Timely Request Service under La. C.C.P. Art. 925(A)(2)" and a "Motion for Involuntary Dismissal under La.R.S. 13:5107." Defendants maintained that Plaintiff's petition was not appropriately served on the School Board's agent for service of process and, therefore, must be dismissed not only against the School Board but the remaining Defendants as well. Although the trial court had granted the determinative exception of prescription, the trial court alternatively considered and granted the exception of insufficient service at the same evidentiary hearing. The trial court dismissed Plaintiff's suit with prejudice.

Plaintiff appealed and appearing before this court in proper person, asserts that the trial court erred in 1) denying her request for recusal and in 2) dismissing her suit "without a trial." We consider these assignments in turn.

## LAW AND DISCUSSION

*Motion to Recuse*

Plaintiff includes the entirety of her argument regarding the trial court's denial of her Motion to Recuse in a single paragraph, asserting:

> The petitioner requested the recusal of Judge Caswell on the basis of a previous contract of 24 years with the St. Landry Parish School Board as their attorney. Also, Judge Caswell was the Judge for the criminal charges for this incident. The petitioner was very uncomfortable because the evidence that was presented in the criminal case was false.

The petitioner felt that during the criminal case, the judge was not the finder of facts. And the petitioner believed that the Judge could not be fair and impartial because the pleadings and motions made by the parties may be influenced by THAT knowledge, in the civil case.[6] The petitioner had learned of the false information at a later date. The Judge denied the motion and order on May 28, 2019 and did not have a hearing on the motion of the petitioner.

Louisiana Code of Civil Procedure Article 151 provides the grounds for recusation in pertinent part:

A. A judge of any court, trial or appellate, shall be recused when he:

. . . .

(4) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that he would be unable to conduct fair and impartial proceedings.

Additionally, La.Code Civ.P. art. 154 provides the procedure for recusation, stating:

A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. *If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing.*

(Emphasis added.)

In this case, however, Plaintiff, a pro se litigant at this point, alleged a past attorney/client relationship and claimed that because of his past representation of the School Board for twenty-four (24) years as its attorney before he became a judge, the trial judge had a "conflict of interest." We note that from public records, Judge

---

[6] This allegation was not made in Plaintiff's original pro se motion to the trial court. However, the argument on this issue could not have been made in any event since the trial judge denied the *pro se* motion without a hearing.

Caswell has been on the district court bench since 2014, and the incidents in question occurred in 2016.

The trial judge signed an Order denying the pro se motion to recuse without referring the motion to another judge for hearing pursuant to La.Code Civ.P. art. 154, *et seq.*, stating in written reasons:

> Before the court is a Motion and Order to recuse Judge A. Gerard Caswell from the above captioned matter. The Petitioner states that Judge Caswell should be recused because he and the St. Landry Parish School Board "have previous association as client/employer for 24 years." **However, Judge Caswell was not previously employed by the St. Landry Parish School Board**.
>
> Moreover, the Petitioner's motion fails to meet the requirements of Louisiana Code of Civil Procedure Article 151. The Petitioner has failed to state grounds for the recusal of Judge Caswell and has not **provided proof of same**. Therefore, no hearing is required on the Petitioner's motion.

(Emphasis added.)

We conclude that the trial court's failure to refer the motion to recuse to another judge in accordance with La.Code Civ.P. art. 154 constituted legal error. We therefore review this matter *de novo*.

Although styled as one of "conflict of interest" in her pro se motion, Plaintiff sufficiently alleged the ground of bias under La.Code Civ.P. art. 151(A)(4) due to the specific factual allegation that the trial judge had previously represented the School Board for twenty-four (24) years. The trial judge, however, failed to directly address the issue of his long-standing legal representation of the School Board, stating only that "Judge Caldwell was not previously **employed** by the St. Landry Parish School Board." (Emphasis added.)

Such cursory treatment is in contrast to the concept that "'a *pro se* litigant may be afforded some leeway or patience in the form of liberally construed pleading[.]'"

8

*Bradford v. Walker Auto.*, 19-292, p. 1 (La.App. 3 Cir. 11/6/19), 282 So.3d 1158, 1160 (quoting *Manichia v. Mahoney*, 10-87, p. 8 (La.App. 4 Cir. 8/4/10), 45 So.3d 618, 622, *writ denied*, 10-2259 (La. 11/24/10), 50 So.3d 829), *writ denied*, 20-111 (La. 1/30/20), 292 So.3d 57; *Stevens v. City of Shreveport*, 49,437 (La.App. 2 Cir. 11/19/14), 152 So.3d 1071, *writ denied*, 15-197 (La. 4/17/15), 168 So.3d 399, *cert. denied*, 577 U.S. 864, 136 S.Ct. 154 (2015). Especially when dealing with *pro se* litigants, trial judges must not only adjudicate fairly, but do so in a manner that can objectively be considered as fair, giving those litigants full opportunity to be heard. *See* Kevin Burke & Steve Leben, *Procedural Fairness: A Key Ingredient in Public Satisfaction*, *A White Paper of the American Judges Association*, 44 COURT REVIEW 1-2 (2007-08). *See also* Pamela Casey, Kevin Burke & Steve Leben, *Minding the Court: Enhancing the Decision-Making Process*, *A White Paper of the America Judges Association*, 49 COURT REVIEW 76 (2013). This opportunity to be heard has been identified "as central to individuals' evaluations of the fairness of trial procedures." Nourit Zimerman & Tom R. Tyler, *Between Access to Counsel and Access to Justice: A Psychological Perspective*, 37 FORDHAM URB. L.J. 473, 486 (2010) (citing John Thibaut & Laurens Walker, PROCEDURAL JUSTICE: A PSYCHOLOGICAL ANALYSIS (1975)).

Of course, "[c]itizens have high expectation for how they will be treated during their encounters with the judicial system. In particular, they focus on the principles of procedural fairness because 'people view fair procedures as a mechanism through which to obtain equitable outcomes[.']" Burke & Leben, 44 COURT REVIEW 1-2, 6 (quoting Tom R. Tyler, SOCIAL JUSTICE IN A DIVERSE SOCIETY (1997)). A party's ability to participate in his or her case by expressing his or her viewpoint is critical to this concept of procedural fairness. *Id.* Litigants having their

"voice" heard in this respect "tend to be far more satisfied with the outcome regardless of whether they win or lose." Stephen Landsman, *Pro Se Litigation*, 8 ANN. REV. L. & SOC. SCI. 231, 243 (2012). *See also* www.proceduralfairness.org.[7] In light of that perception, along with principles related to due process and judicial accountability, the Conference of Chief Justices and the Conference of State Court Administrators adopted a 2013 Resolution encouraging state courts to promote procedural fairness. *See* CCJ/COSCA Resolution 12 (2013). Respect for the law and for the decisions of the Court is enhanced when litigants feel they have been heard.

And in turn such a proceeding affords the trial court an opportunity to provide a reasoned response that can be better understood by the *pro se* litigant. *See* David F. Levi, *Protecting Fair & Impartial Courts: Reflections on Judicial Independence*, 104 JUDICATURE 2, 58 (2020). That understanding promotes the litigant's belief that they are getting a "fair shake" in the court system. *Id.* at 60.

In this case, Plaintiff submitted her *pro se* motion, in writing, questioning whether the trial court had a "conflict of interest" in sitting on her case. She raised the issue, which is best viewed as one involving "bias" as conceived by La.Code Civ.P. art. 151(A)(4), within the specific factual background of the trial court's former twenty-four (24) year legal representation of her opponent. Given the liberal construction afforded a *pro se* litigant's pleadings, and with the goal of ensuring Plaintiff's right to be heard, we conclude that Plaintiff's written motion required the trial court to "either recuse himself, or refer the motion to another judge or a judge

---

[7] The website www.proceduralfairness.org is an effort of the American Judges Association, the National Center for State Courts, and procedural fairness scholars.

ad hoc, as provided in Article 155 or 156, for a hearing." *See* La.Code Civ.P. art. 154.

Finding legal error in the trial court's failure to do so, we reverse the denial of the motion to recuse and remand the case to the trial court clerk to schedule a recusal hearing before another judge of that court as required by La.Code Civ.P. art. 154. *See, e.g., Disaster Restoration Dry Cleaning, L.L.C. v. Pellerin Laundry Mach. Sales Co., Inc.*, 05-715 (La. 4/17/06), 927 So.2d 1094; *Williams v. Dow Chem. Co.*, 19-1630 (La.App. 1 Cir. 12/16/19)(an unpublished writ ruling),[8] *writ denied*, 20-106 (La. 4/27/20), 295 So.3d 389; *State in the Interest of A.T.*, 18-572 (La.App. 1 Cir. 5/4/18)(an unpublished writ ruling).[9]

We express no opinion on the merits of Plaintiff's recusal motion or on the merits of this case, holding only that under the peculiar circumstances of this case this *pro se* plaintiff must be given a full and fair opportunity to present facts in support of her motion at a hearing called for that purpose before another judge as provided by La.Code Civ.P. art. 154.

Finally, Plaintiff has argued on appeal that the trial judge should be recused because he presided over the criminal proceedings against her and came into possession of information she deems to be untruthful, thus potentially improperly coloring his view of the evidence she may present. Plaintiff's allegations may constitute grounds for recusal pursuant to La.Code Civ.P. art. 151(B)(3),[10] but since

---

[8] 2019 WL 6869345

[9] 2018 WL 2085062

[10] Louisiana Code of Civil Procedure Article 151 provides:

B. A judge of any court, trial or appellate, may be recused when he:
. . . .
(3) Has performed a judicial act in the cause in another court[.]

that issue was not raised in the trial court, we may not consider the issue on appeal. *See Johnson v. State*, 02-2382 (La. 5/20/03), 851 So.2d 918. The issue may be properly raised on remand should Plaintiff choose to present evidence on this issue.

The reversal of the underlying recusal ruling requires that the trial court's resulting judgment be vacated. *See, e.g., Augman v. City of Morgan City*, 03-396 (La.App. 1 Cir. 12/31/03), 864 So.2d 248.

## DECREE

For the foregoing reasons, the trial court's denial of the motion to recuse is reversed and, accordingly, the final judgment of December 2, 2019 is vacated. This matter is remanded to the trial court clerk with instructions to refer the motion for recusal to another judge for hearing in compliance with La.Code Civ.P. art. 154, *et seq.* Costs of this appeal are to await final disposition in this case.

**DENIAL OF MOTION TO RECUSE REVERSED; JUDGMENT VACATED. REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-136

MONA C. WILSON

VERSUS

ST. LANDRY PARISH SCHOOL BOARD, ET AL.

**PERRY, Judge, dissenting.**

I respectfully dissent from the majority's view the trial judge legally erred in denying the plaintiff's motion to recuse without referring the motion to another judge for hearing. In my view, the plaintiff did not enunciate valid grounds for recusation, as La.Code Civ.P. art. 151 commands, so as to require the procedure for recusation set forth in La.Code Civ.P. art. 154—either recusal or referral of the motion to another judge for hearing.

The allegation set forth in the plaintiff's motion is solely that a "conflict of interest" exists because the trial judge had previously served as the school board's attorney. Notably, the alleged incidents which form the basis of the plaintiff's lawsuit against the school board occurred in 2016, two years after the judge herein was elected to the district court bench. I find this situation is not unlike former prosecutors who become judges. *See State v. Connolly*, 06-540, p. 6 (La. 6/2/06), 930 So.2d 951, 954, wherein the supreme court stated it had not "required the disqualification of a judge solely on the basis of his or her coincidental employment in the District Attorney's office at the time the defendant was charged in a case over which the judge had no supervision or control before assuming the bench."

Given the absence of any allegations the judge herein cannot conduct these proceedings in a fair and impartial manner, it is my view the procedure for recusation

is not required in this case. Thus, I do not consider the denial of the plaintiff's motion to recuse without a hearing to be legal error. *See David v. David*, 14-999 (La.App. 3 Cir. 2/4/15), 157 So.3d 1164, *writ denied*, 15-494 (La. 5/15/15), 170 So.3d 968.